UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MANDRIC STRODDER,
*aka* MANDRIC BONNER,  CASE NO. 06-CV-10251

    Plaintiff,

v.  DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

PATRICIA CARUSO, Director,
ANDREW JACKSON, Warden,
SCOTT NOBLES, Deputy Warden,
DARRELL STEWARD, Asst. Deputy Warden,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be *SUA SPONTE* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**II.  REPORT**

   **A.  Introduction**

This *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 was referred by United States District Judge David M. Lawson to the undersigned Magistrate Judge for pretrial case management pursuant to 28 U.S.C. § 636(b). (Dkt. 3.) Plaintiff is currently housed at the Michigan Department of Corrections' Mound Correctional Facility in Detroit, Michigan. Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted

on March 28, 2006. After screening the *pro se* prisoner complaint, I conclude that the case is ready for Report and Recommendation.

    **B.**    **Screening Provisions**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A,[1] 28 U.S.C. § 1915(e),[2] and 42 U.S.C. § 1997e(c)(1),[3] the Court must *sua sponte* dismiss this case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a

---

[1] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

    (i)  is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6).  Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint nevertheless must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

    **C.**    **Discussion**

Plaintiff alleges in his *pro se* complaint that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they exposed him to excessive amounts of second-hand tobacco smoke.  (Compl. ¶ 5.)  Plaintiff, who has been incarcerated since the 1970s, avers that he suffered a heart attack sometime prior to 2005 and thereafter was instructed by medical personnel to avoid exposure to second-hand tobacco smoke. (*Id.* ¶ 13.)  Plaintiff requested and was granted housing in the tobacco-free unit.  (*Id.* ¶ 19.)  In October 2005, however, Plaintiff was found guilty of a major misconduct violation for possessing contraband (white-out and hand sanitizer) and was sentenced to ten days of administrative segregation.  On October 17, 2005, after serving his time in segregation, he was returned not to the smoke-free unit, but to general population.  (*Id.* ¶ 23.)  Although his roommate in general population was a non-smoker, he nevertheless alleges that he could smell smoke all day long in

3

various areas of the unit. (Pl.'s Step II Grievance Appeal at 4.) Despite Plaintiff's diligent efforts to obtain housing in the tobacco-free unit, he was not transferred back to that unit until December 15, 2005, two months later. (*Id.* ¶ 46.)

The Sixth Circuit recently set forth the required elements of an Eighth Amendment claim for exposure to tobacco smoke in prison:

> "The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain'" on a prisoner by acting with "deliberate indifference" to the prisoner's serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The test for determining deliberate indifference based on exposure to ETS has both objective and subjective components. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). To satisfy the objective component, a prisoner must show that his medical needs are "sufficiently serious." *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The exposure to smoke must cause more than "mere discomfort or inconvenience." *Id.* at 735. Additionally, the prisoner must demonstrate that the risk is one which society deems "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling*, 509 U.S. at 36. To satisfy the subjective component, a prisoner must show that prison authorities knew of, and manifested deliberate indifference to, his serious medical needs. *Id.* at 32.

*Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). In this case, I suggest that Plaintiff's claim of a temporary 60-day exposure to second-hand smoke during his placement in general population with a non-smoking roommate fails to rise to the level of risk which society would deem "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id.*, quoting *Helling*, 509 U.S. at 36. As Plaintiff acknowledges, on December 15, 2005, he was moved back to the tobacco-free housing unit where he now resides. (Compl. ¶ 46 and Ex. P.) Accordingly, I suggest that Plaintiff's complaint be *sua sponte* dismissed with prejudice for failure to state a claim upon which relief can be granted.

Alternatively, I suggest that the Complaint is subject to *sua sponte* dismissal without prejudice for failure to demonstrate total exhaustion of administrative remedies. Pursuant to the

4

Prison Litigation Reform Act, prisoners are required to exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a). The MDOC provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. *See generally* MDOC Policy Directive 03.02.130. To have administratively exhausted a § 1983 claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of that specific defendant at Step One of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Moreover, to meet the burden of demonstrating exhaustion to the Court, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640, 642 (6th Cir. 2000). Finally, the Sixth Circuit recently held that "mixed" complaints – those raising both exhausted and unexhausted claims – are not allowed under the PLRA. Thus, each claim against each defendant must have been completely exhausted prior to filing suit or the entire case will be *sua sponte* dismissed without prejudice. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

In this case, Plaintiff has attached the grievance he submitted, including all responses through Step III of the process. However, of the four individual defendants being sued in this action, only Defendant Steward was named in the first step grievance. (Compl. at Ex. F.) Plaintiff has failed to allege or demonstrate that he ever named Defendants Caruso, Jackson, or Nobles in a Step I grievance that was appealed through Steps II and III of the process. Accordingly, I suggest that the complaint is alternatively subject to *sua sponte* dismissal without prejudice for failure to comply with the total exhaustion rule of 42 U.S.C. § 1997e(a), which is a "mandatory threshold requirement in prison litigation." *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

**III.     REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                              s/ *Charles E. Binder*
                                                          CHARLES E. BINDER
Dated: April 26, 2006                               United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Mandric Strodder and Honorable David M Lawson.

Dated:  April 26, 2006                         By        s/Mary E. Dobbick
                                                                   Secretary to Magistrate Judge Binder