UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MANDRIC STRODDER,
*aka* MANDRIC BONNER,                                CASE NO. 06-CV-10251

      Plaintiff,

v.                                                                          DISTRICT JUDGE DAVID M. LAWSON
                                                                          MAGISTRATE JUDGE CHARLES E. BINDER

PATRICIA CARUSO, Director,
ANDREW JACKSON, Warden,
SCOTT NOBLES, Deputy Warden,
DARRELL STEWARD, Asst. Deputy Warden,

      Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING**
(Dkt. 10)

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED**.

**II.   REPORT**

    **A.   Introduction**

This *pro se* prisoner civil rights case was referred by United States District Judge David M. Lawson to the undersigned Magistrate Judge for pretrial case management on February 21, 2006. After screening the complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), a report and recommendation was issued on April 26, 2006, recommending that the

case be dismissed with prejudice because the complaint failed to state a claim upon which relief could be granted, or, alternatively, that the case be dismissed without prejudice because Plaintiff failed to demonstrate exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a). (Dkt. 6.)

On June 22, 2006, Plaintiff filed objections to the Report and Recommendation. (Dkt. 9.) On July 17, 2006, Plaintiff filed a document entitled "Motion and Notice for Leave to File Supplemental Pleading." (Dkt. 10.) Attached to this motion are: (1) a seven-page Supplemental Complaint of Events Arising After Filing Original Complaint; and (2) twelve pages of exhibits, including grievance documentation. All of the exhibits bear dates of June or July 2006 and relate to events that occurred in those months.

On August 1, 2006, Plaintiff's Motion and Notice for Leave to File Supplemental Pleading was referred to the undersigned Magistrate Judge to determine whether the supplemental pleadings are futile or whether they necessitate a reconsideration of the original report and recommendation. (Dkt. 11.)

**B.   Discussion**

Pursuant to the well-established rules governing prisoner cases, I suggest that Plaintiff's supplemental materials detailing events which occurred months after the filing of his complaint cannot be considered. The report and recommendation was issued pursuant to the screening statutes applicable to *in forma pauperis* prisoner cases, one of which being 42 U.S.C. § 1915(e)(2). The Sixth Circuit has made clear that,

> [u]nder § 1915(e)(2), a court is **required** to dismiss a case when the action satisfies § 1915(e)(2)(A) or § 1915(e)(2)(B). Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) **when filed**,

2

the district court should *sua sponte* dismiss the complaint.  Section 1915A also provides for such *sua sponte* dismissals.

*McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (emphasis added).  Accordingly, screening must be accomplished by looking only at the documents submitted when the case was filed.  Documents submitted months later cannot be considered:

> [T]he law in this circuit is clear that the district court, in performing its initial review, should **only consider the complaint** and that the plaintiff should not be given the opportunity to amend to avoid *sua sponte* dismissal.  *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

*Baker v. Thomas*, 86 Fed. Appx. 906, 909 (6th Cir. 2004) (emphasis added).

Therefore, I suggest that Plaintiff's submission of supplemental materials is futile and his motion for leave to file a supplemental complaint setting forth events arising after the filing of his original complaint should be denied.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
|  | s/ *Charles E Binder* |
|  | CHARLES E. BINDER |
| Dated: August 10, 2006 | United States Magistrate Judge |

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Mandric Strodder and Honorable David M Lawson.

Dated:  August 10, 2006                    By             s/Mary E. Dobbick
                                                          Secretary to Magistrate Judge Binder